THE LAW OFFICE OF
# ELISA HYMAN, P.C.

February 16, 2024

**BY ECF**
Hon. John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

APPLICATION GRANTED
SO ORDERED

*signature*
John G. Koeltl, U.S.D.J.
2/20/24

Re:   *G.P. et al. v. New York City Dep't of Educ. et al.*, 23-cv-5708 (JGK)

Dear Judge Koeltl:

I am counsel for the Plaintiffs in the above-referenced matter and write jointly with Darian Alexander, Esq., counsel for Defendants. We are submitting this joint letter to respectfully request an approximately 60-day extension of time to submit a Rule 26(f) report, to April 19, 2024. This request is made to afford the parties additional time to continue their efforts to resolve issues addressed in the Complaint and try to reach a settlement. This is the parties' third such extension request. The deadline was most recently extended to February 19, 2024.[1] Docket No. 21.

Plaintiffs G.P. and E.S. brought this action on behalf of themselves and their children, J.S. and L.D.S.P. (also known as D.S.), under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, 42 U.S.C. § 1983, and New York State law. The New York City Department of Education, the Board of Education of the City School District of the City of New York, Chancellor David Banks, in his official capacity, and the City of New York are Defendants. Plaintiffs allege, *inter alia*, that Defendants failed to timely and fully implement final decisions issued by Impartial Hearing Officers ("IHOs") in IDEA due process proceedings concerning J.S. and D.S. Plaintiffs requested in the Complaint, *inter alia*, reimbursement with interest, compensatory education, and other equitable relief related to their implementation allegations concerning the IHO decisions, and attorneys' fees and costs for the underlying administrative actions and the instant federal case. *See* Complaint ("Compl.") (Docket No. 1).

Defendants filed an Answer to the Complaint dated October 11, 2023. Docket No. 16. On October 13, 2023, the Court issued an Order directing the parties to submit a Rule 26(f) report by October 27, 2023. Docket No. 17. By letter motion dated October 24, 2023, the parties jointly requested, *inter alia*, that the Court adjourn that deadline by 60 days. *See* Docket No. 18. By Order

---

[1] February 19, 2024 is Washington's Birthday, a federal holiday. *See* U.S. Court of Appeals for the Second Circuit, Federal Holidays 2024, *at* https://www.ca2.uscourts.gov/clerk/calendars/federal_holidays.html. In their December 19, 2023 letter, the parties requested February 19, 2024 as the extended deadline for submission of their Rule 26(f) report without realizing, at that time, that the date was a federal holiday. *See* Docket No. 20. It is the parties' understanding that due to the federal holiday, the current deadline would be extended to February 20, 2024 under Federal Rule of Civil Procedure 6(a)(1)(C).

dated October 25, 2023, Your Honor extended the deadline to submit a Rule 26(f) report to December 20, 2023. *See* Docket No. 19. By letter motion dated December 19, 2023, the parties requested a second extension of time to submit a Rule 26(f) report, to February 19, 2024. Docket No. 20. By Order dated December 20, 2023, Your Honor granted that request. Docket No. 21.

In their December 19, 2023 letter, the parties reported that they were engaged in cooperative efforts to address Plaintiffs' claims for reimbursement of certain evaluations, tutoring, and counseling services awarded by the IHOs. *See* Docket No. 19. Those efforts have been ongoing and have included a cooperative, informal exchange of information and multiple rounds of document submission by Plaintiffs and review and comment by Defendants.[2] As a result of those efforts, based on the representation of counsel for Defendants, reimbursement has been authorized and will be issued to Plaintiffs for the following: $6,940.00 for a neuropsychological evaluation and updates for J.S.; $1,125.00 for reading instruction and tutoring for J.S.; $4,924.28 for counseling services for J.S.; $1,000.00 for tutoring services for D.S.; and $4,172.50 for counseling sessions for D.S. These are five specific items of relief that were awarded by the IHOs and for which Plaintiffs sought enforcement in this action. *See* Compl. ¶¶102(a), 108-111, 166, 168.

The parties seek additional time to address the remaining claims in the Complaint, including, *inter alia*, Plaintiffs' remaining claims for relief concerning implementation and Plaintiffs' claims for attorneys' fees and costs, without the need for formal discovery or motion practice. Based on the parties' fruitful discussions to date, and a history of successful attorneys' fees resolutions between the office of Plaintiffs' attorneys and the Office of the Corporation Counsel, we anticipate that we can reach a full settlement in the case. Toward that end, the parties intend to continue engaging in the informal exchange of information as needed to support their goal of settlement. During the period of extension currently requested, the parties would attempt to negotiate an agreement in principle regarding Plaintiffs' remaining claims for relief concerning implementation. If they are successful in that effort, Plaintiffs would provide Defendants with documentation regarding Plaintiffs' attorneys' fees and costs, and the parties would attempt to negotiate a resolution of Plaintiffs' claims regarding same.

Accordingly, the parties respectfully request that the deadline to submit a Rule 26(f) report be extended by approximately 60 days, until April 19, 2024. If this request is granted, no other current deadlines would be affected. The parties thank the Court for its patience as they attempt to amicably resolve this matter, and for the Court's consideration of this request.

Respectfully submitted,

/s

Erin McCormack-Herbert, Senior Attorney
(646) 572-9056
emccormack@specialedlawyer.com

cc: **BY ECF**
All Counsel of Record

---

[2] As noted in the parties December 19, 2023 letter, Defendant Department of Education determined that, in its view, additional documentation was required before its Implementation Unit could authorize reimbursement to Plaintiffs in the amounts awarded by the IHOs. *See* Docket No. 20. Plaintiffs, while not conceding that additional documentation was required, nonetheless provided it for the purpose of having Defendants issue the reimbursement. *See id.*